UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHANIE PEIROLO,<br><br>  Plaintiff,<br><br>  v.<br><br>SEDGWICK RD., INC., a Washington corporation; INTERPUBLIC GROUP OF COMPANIES, INC., a Delaware corporation; UNITEDHEALTH CARE, Inc., a Delaware corporation; UNITEDHEALTH GROUP, a Minnesota corporation; an JOHN DOES 1-3,<br><br>  Defendants. | CASE NO. C04-2437C<br><br>ORDER |

This matter has come before the Court on Plaintiff's motion for a protective order regarding the interrogatories, requests for production, and requests for admission propounded by Defendant United Healthcare Services LLC ("UHS") on December 9, 2005.  (Dkt. No. 26.)  Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court hereby GRANTS in part and DENIES in part the motion.

Plaintiff's motion argues that there has been no Rule 26(f) conference in this case, and therefore that Rule 26(d) prohibits Defendant UHS from obtaining any discovery from Plaintiff.  Federal Rule of Civil Procedure 26(f) instructs parties that they "must, as soon as practicable and in any event at least 21

ORDER – 1

days before a scheduling conference is held or a scheduling order is due under Rule 16(b) . . . develop a proposed discovery plan." Rule 16(b), in turn, requires a court to issue a scheduling order within 90 days after the appearance of a defendant and within 120 days after service of the complaint on a defendant. The Local Rules do not alter the operation of these two federal rules in any significant way. *See* Local Rules CR 16(a), (d), *and* CR 26.

In the present case, the Court held a status conference on March 22, 2005, and based on the input from counsel for the parties who had appeared at that time, issued a scheduling order setting a trial date and other related dates. (Dkt. No. 10.) This order was the Court's Rule 16(b) order. Thus, according to Rule 26(f), the parties should have had their discovery conference by the beginning of March 2005.

Defendant UHS did not appear in this action until September 1, 2005. Shortly after it had appeared in the action, the parties stipulated to a continuance of the trial date. The Court approved the stipulation and amended its 16(b) scheduling order to reflect the parties' stipulated dates. (Dkt. No. 21.) Thus, to the extent that Defendant UHS was entitled to a separate Rule 26(f) conference[1] setting forth the parameters of discovery pertaining to UHS, this conference should have taken place twenty-one days before entry of the amended Rule 16(b) scheduling order.

Plaintiff explains that though the parties discussed discovery and other matters, including the possibility of alternative dispute resolution and settlement, they never carried those discussions through to completion. Therefore, based on Plaintiff's own assertions, it appears that the parties failed to comply with Rule 26(f)'s time limits for holding such a conference. However, such failure to hold a 26(f) conference does not mean that discovery has not commenced.

Although Plaintiff appears to have reached an agreement with Defendants Sedgwick Rd. and IPG regarding the delay of an exchange of initial disclosures, Plaintiff never reached a similar agreement with Defendant UHS. Accordingly, Defendant UHS, evidently believing that Plaintiff and the defendants who

---

[1] The advisory committee note to the 1993 amendment to Rule 26 suggests that additional 26(f) conferences for the benefit of parties joined after the initial conference are not required.

ORDER – 2

had previously appeared had already held their 26(f) conference, served its initial disclosures on November 22, 2005, and requests for admission on December 8, 2005. Plaintiff concedes that she failed to respond in any way to these requests for admission, even to voice her belief that they were premature because there had not yet been a Rule 26(f) conference.

On January 25, 2006, Defendant UHS, deeming the requested items admitted, moved for summary judgment. Plaintiff filed her motion for a protective order shortly thereafter.

Although Plaintiff is in error that discovery had not commenced, the Court does not find that deeming the requested items admitted would serve the interests of justice. The record demonstrates that Plaintiff, though perhaps imprudent in failing to voice her objections to Defendant UHS, believed in good faith that the requests for admission were premature.[2] Under the circumstances, the Court finds that permitting Plaintiff to "withdraw" her deemed admissions will subserve the presentation of the merits of the action. FED. R. CIV. P. 36(b). In addition, Defendant UHS fails to show that such withdrawal will prejudice it in maintaining its defense on the merits. *Id*. For these reasons, the Court GRANTS Plaintiff's motion to "withdraw" the deemed admissions.

Plaintiff is directed to respond to the requests for admission within thirty days of entry of this order.

SO ORDERED this 21st day of February, 2006.

UNITED STATES DISTRICT JUDGE

---

[2] In particular, the Court notes that Plaintiff herself was the recipient of a letter from counsel for Defendants Sedgwick Rd. and IPG informing her that the defendants would not respond to discovery because the Rule 26(f) conference had not yet taken place. This letter was dated May 2, 2005, more than a month after the Court issued its scheduling order.

ORDER – 3